IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMIE L. HAMMOND, formerly | ) | |
| Jamie L. Edmondson, and | ) | |
| ANGELA HARTSFIELD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-1045-WKW |
| | ) | [WO] |
| THE CITY OF EUFAULA, | ) | |
| J. C. WEST, J.J. JAXON, | ) | |
| KELLY TRAWICK, | ) | |
| CARL WALLACE, and | ) | |
| STEVE WATKINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs bring this employment discrimination action against Defendants the City of Eufaula Alabama; J. C. West, the former chief of police of the Eufaula Police Department; J. J. Jaxon, the mayor of the City of Eufaula; Kelly Trawick, the director of human resources for the City of Eufaula; Carl Wallace, the current chief of police of the Eufaula Police Department; and Steve Watkins, a captain with the Eufaula Police Department.  All Defendants, with the exception of Mr. West, jointly filed a Motion to Dismiss (Doc. # 20) pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, which is currently before the court.[1]  The motion has been fully briefed and is ready for disposition.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.  Personal jurisdiction and venue are not contested, and there are adequate allegations in support of both.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Furthermore, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Defendant West filed an answer, denying the allegations contained in Plaintiffs' complaint.  (*See* Doc. # 8.)

2

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard also "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim.  *Twombly*, 550 U.S. at 556.

### III. BACKGROUND

Both Plaintiffs are former employees of the Eufaula Police Department:  Ms. Hammond is a former police officer, and Ms. Hartsfield is a former dispatcher.  The complaint alleges multiple sexual encounters among the employees of the Eufaula Police Department.  Ms. Hammond alleges that, when she was a dispatcher, she reluctantly entered into a consensual sexual relationship with former Police Chief West.  She further alleges that after she ended that relationship, she was treated more harshly by her superiors and received disciplinary write-ups.  Ms. Hartsfield alleges that she observed sexual activity between on-duty police officers and dispatchers.  She alleges that she made oral and written complaints to her supervisors, but that these complaints were not investigated.  After she complained, Ms. Hartsfield alleges she began receiving disciplinary write-ups.

In this lawsuit, Plaintiffs have brought a plethora of claims seeking relief for retaliation, discrimination, and a hostile work environment pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §§ 2000e.  Plaintiffs also have alleged state law claims for negligent and wanton supervision and retention, and false-light invasion of privacy.

## IV.  DISCUSSION

Neither Plaintiff has alleged a set of facts that can survive a Rule 12(b)(6) motion to dismiss.  Based upon careful consideration of the relevant law, the arguments of counsel, and the applicable standard of review, Defendants' Motion to Dismiss is due to be granted.

With respect to the hostile work environment claims, the Eleventh Circuit has addressed the sufficiency of the pleadings *post-Iqbal* in the context of 42 U.S.C. § 1981 and Title VII.[2]  *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010).  In *Edwards*, the Eleventh Circuit required the plaintiff to plead in more than conclusory fashion the five elements for establishing a *prima facie* case in order to survive a Rule 12(b)(6) motion to dismiss.  *See id.*; *see also Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011).  Here, Plaintiffs have failed to allege facts that plausibly show that there was any harassment that was "objectively severe and pervasive," *Johnson v. Booker T. Wash. Broad. Serv. Inc.*, 234 F.3d 501, 509 (11th Cir. 2000), or that the Eufaula Police Department was

---

[2] The Eleventh Circuit has employed the same analytical framework as Title VII/§ 1981 for a § 1983 equal protection claim alleging a hostile work environment based upon alleged sexual harassment.  *See Watkins v. Bowden*, 105 F.3d 1344, 1355 (11th Cir. 1997).

"permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive working environment," *Rojas v. Florida*, 285 F.3d 1339, 1344 (11th Cir. 2002) (internal quotations omitted).  Moreover, the Complaint does not include plausible allegations that the harassment was based upon Plaintiffs' sex.  *See Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1200 (11th Cir. 2001) ("[T]his court has distinguished between actions based on discriminatory animus and those based on personal animosity resulting from failed consensual relationships."); *cf. Elger v. Martin Mem'l Health Sys., Inc.,* 6 F. Supp. 2d 1351, 1353 (S.D. Fla. 1998) ("Generally, the law does not recognize a Title VII claim based on favoritism on behalf of a consensual sexual partner."); *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266–67 (11th Cir. 2010) (citing *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1399 (7th Cir. 1997), which notes that nonactionable circumstances under Title VII include "the plaintiff's being a whistleblower").

With respect to the wrongful termination claims, Plaintiffs have failed to allege facts that plausibly reveal that someone outside the protected class replaced them or that they were "treated less favorably than a similarly-situated individual outside [their] protected class."  *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003); *see Henderson*, 436 F. App'x at 937 (observing that the plaintiff could have

met her pleading burden on a racial discrimination claim against a bank in relation to her loan if she had alleged facts "that similarly-situated loan applicants outside her racial class were offered more favorable loan terms").  The allegations on the wrongful termination claims are wholly conclusory.  At best, the broad allegations consist of nothing more than a "formulaic recitation of the elements" of a gender-based wrongful termination claim, which is insufficient under *Twombly* and its progeny.  *Twombly*, 550 U.S. at 555.

With respect to the retaliation and retaliatory termination claims, Plaintiffs have failed to allege facts that plausibly show any statutorily protected conduct under Title VII's opposition clause, *see Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) ("It thus is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable."), or any protected participation under Title VII's participation clause, *see Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998).  Plaintiffs also have failed to establish an equal protection claim of retaliation.[3]  *See Watkins v. Bowden*, 105

---

[3] The defense of qualified immunity need not be reached as Plaintiffs have failed to allege violations of federal law.

F.3d 1344, 1354 (11th Cir. 1997) ("A pure or generic retaliation claim . . . simply does not implicate the Equal Protection Clause.").

This leaves the state law claims for negligent and wanton supervision and retention against Defendants Jaxon and Trawick, and the false light invasion of privacy claims against all Defendants. With respect to the negligent and wanton supervision and retention claims, Defendants have cited two district court opinions that concluded that Alabama law does not recognize claims against supervisory employees for the supervision and retention of their subordinates. *See Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1057–58 (S.D. Ala. 2007) (Dubose, J.); *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1315 (S.D. Ala. 2001) (Butler, J.). Plaintiffs have made no argument or cited any authority that persuades the court to adopt a position contrary to *Hamilton* and *Ott*.

With respect to the false light invasion of privacy claims against the City of Eufaula, Plaintiffs have conceded that these claims are due to be dismissed based upon their failure to comply with § 11-47-192 of the Alabama Code. (Doc. # 25, at 12.) As to the individual Defendants who are named in their personal and official capacities, the false light claims for monetary damages against them in their official capacities are barred by Article I, Section 14 of the Alabama Constitution. *See Key v. City of Cullman*, 826 So. 2d 151, 156 (Ala. Civ. App. 2001). Moreover,

Defendants have argued persuasively that the threadbare factual allegations do not demonstrate plausibly that any individual Defendant committed this tort, and Plaintiffs have failed to rebut these arguments.  Based upon a review of the Complaint, there is no factual matter establishing that Plaintiffs were placed in a false light or that any false information was made public.  *See generally Butler v. Town of Argo*, 871 So. 2d 1, 12–13 (Ala. 2003).

## V.  CONCLUSION

Accordingly, it is ORDERED that Defendants' Motion to Dismiss (Doc. # 20) is GRANTED.  This action proceeds only as to Plaintiffs' claims against Defendant West.

It is further ORDERED that Plaintiffs' Motion to Exclude Exhibits Purporting to Support Defendants' Motion to Dismiss (Doc. # 23) is DENIED as moot.

DONE this 20th day of September, 2012.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE